Russell S. Walker #3363
David R. Williams #6686
**WOODBURY & KESLER, P.C.**
265 East 100 South, Suite 300
P. O. Box 3358
Salt Lake City, Utah  84110-3358
Telephone: (801) 364-1100
Telefax: (801) 359-2320
rwalker@wklawpc.com
dwilliams_@wklawpc.com

Attorneys for Defendant

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| In re:<br><br>    UD DISSOLUTION CORP.<br>    (fna, V3 Systems, Inc.),<br><br>        Debtor.<br><br>UD DISSOLUTION LIQUIDATING TRUST,<br><br>        Plaintiff,<br>v.<br><br>PETER BOOKMAN, an individual,<br><br>        Defendant. | Bankruptcy Case No. 14-32546<br>(Chapter 11)<br><br>Judge Joel T. Marker<br><br><br><br><br>Adversary Proceeding No. 15-02160 |
|---|---|

### DEFENDANT'S ANSWER TO COMPLAINT

The Defendant, Peter Bookman (hereinafter "Bookman" or "Defendant") answers Plaintiff's Complaint and responds to the specific allegations contained in the numbered paragraphs set forth in Plaintiff's Complaint as follows:

## FIRST DEFENSE

1. Admits.

2. Admits.

3. Admits.

4. Admits.

5. Admits.

6. The Plan document speaks for itself and is the best evidence of the fact alleged. To the extent the allegations are inconsistent with the terms of the document, Defendant denies the same.

7. The Plan document speaks for itself and is the best evidence of the facts alleged. To the extent the allegations are inconsistant with the terms of the document, Defendant denies the same.

8. Admits.

9. The Bookman Proof of Claim speaks for itself and is the best evidence of the facts alleged. To the extent the allegations are inconsistent with the terms of the document, Defendant denies the same.

10. Paragraph 10 states a legal conclusion therefore denies.

11. Paragraph 11 states a legal conclusion and therefore denies.

12. Paragraph 12 states a legal conclusion and therefore denies.

13. Paragraph 13 states a legal conclusion and therefore denies.

14. Bookman adopts by reference the answers to the allegations contained in paragraphs 1

through 13 herein.

15. Admits.

16. Admits.

17. Denies.

18. Denies.

19. Admits Fusion declined to pursue further development of certain technology and Bookman asked Fusion allow him to pursue development of certain technology outside of Fusion for at least a limited period of time. Denies the remaining allegations.

20. Admits.

21. Admits V3 was so organized.

22. Admits Bookman caused V3 to prepare certain patent and trademark filings. Bookman does not have sufficient knowledge or information regarding the V3 Optimization Layer to form a belief as to the truthfulness of the allegation and therefore denies the same.

23. See response to number 22 above.

24. Denies.

25. Denies.

26. Denies.

27. The document speaks for itself and is the best evidence of the facts alleged. To the extent the allegations are inconsistent with the terms of the document, Defendant denies the same.

28. Admits.

29. The pleadings in the referenced case speak for themselves and are the best evidence of the facts alleged. To the extent the allegations are inconsistent with the pleadings, Defendant denies the same.

30. Denies. The record speaks for itself and is the best evidence of the facts alleged. To the extent the allegations are inconsistent with the record, Defendant denies the same.

31. Denies the allegations of paragraph 31 with the exception that Bookman admits Anderer dismissed Bookman from the Anderer lawsuit.

32. Denies.

33. Denies.

34. Denies.

35. Denies.

36. Denies.

37. Denies.

38. Denies except admits Bookman was involved with Inaura from its outset.

39. Denies.

40. Bookman does not have sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in paragraph 40 and therefore denies the same.

41. Admits.

42. The document speaks for itself and is the best evidence of the facts alleged. To the extent the allegations are inconsistent with the terms of the document Defendant denies the same.

43. The document speaks for itself and is the best evidence of the facts alleged. To the extent the allegations are inconsistent with the terms of the document Defendant denies the same.

44. Admits.

45. Denies.

46. The document speaks for itself and is the best evidence of the facts alleged. To the extent the allegations are inconsistent with the terms of the document, the Defendant denies the same.

47. The document speaks for itself and is the best evidence of the facts alleged. To the extent the allegations are inconsistent with the terms of the document, the Defendant denies the same.

48. The document speaks for itself and is the best evidence of the facts alleged. To the extent the allegations are inconsistent with the terms of the document, the Defendant denies the same.

49. The document speaks for itself and is the best evidence of the facts alleged. To the extent the allegations are inconsistent with the terms of the document, the Defendant denies the same.

50. The document speaks for itself and is the best evidence of the facts alleged. To the

extent the allegations are inconsistent with the terms of the document, Defendant denies the same.

51. Admits.

52. Bookman adopts by reference the answers to the allegations contained in paragraphs 1 through 51 herein.

53. The document speaks for itself and is the best evidence of the facts alleged. Denies the "Approved Schedule of Liabilities" listed the entire amount of V3's liabilities owing to Bookman.

54. Denies.

55. Admits.

56. Admits Bookman attended and participated in some but denies he attended all of the meetings referenced.

57. Denies the amount referenced is the entire amount of Bookman's claim. Admits Bookman approved the ADA.

58. Denies the amount referenced is the entire amount of Bookman's claim. Admits V3 paid $54,625.63 to Bookman from the sale proceeds.

59. Denies. See also response to paragraph 58 above.

60. Denies.

61. Bookman does not have sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in paragraph 61 and therefore denies the same.

62. Denies.

63. Denies.

64. Bookman adopts by reference the answers to the allegations contained in paragraphs 1 through 63 herein.

65. The document speaks for itself and is the best evidence of the facts alleged. To the extent the allegations are inconsistent with the terms of the document, Defendant Denies the same. Bookman denies all other allegations which do not reference the APA.

66. Denies. Bookman affirmatively alleges Sphere retained Bookman as an independent contractor.

67. Denies. See response to paragraphs 57 and 58 above.

68. Denies.

69. Denies.

70. Denies.

71. Bookman adopts by reference the answers to the allegations contained in paragraphs 1 through 70 herein.

72. Denies.

73. Denies.

74. Denies.

75. Bookman adopts by reference the answers to the allegations contained in paragraphs 1 through 74 herein.

76. The document speaks for itself and is the best evidence of the facts alleged. To the extent the allegations are inconsistent with the terms of the document, Defendant denies the same.

77. Denies.

78. Denies.

79. Denies.

80. Denies.

81. Bookman adopts by reference the answers to the allegations contained in paragraphs 1 through 80 herein.

82. The document speaks for itself and is the best evidence of the facts alleged. To the extent the allegations are inconsistent with the terms of the document, Defendant denies the same.

83. Paragraph 83 states a legal conclusion, therefore denies the same.

84. Denies.

85. Denies.

86. Denies.

87. Bookman adopts by reference the answers to the allegations contained in paragraphs 1 through 86 herein.

88. Paragraph 88 states a legal conclusion, therefore denies the same.

89. Denies.

90. Bookman adopts by reference the answers to the allegations contained in paragraphs 1

through 89 herein.

91. Denies.

92. Denies.

93. Denies.

94. Bookman adopts by reference the answers to the allegations contained in paragraphs 1 through 93 herein.

95. Denies.

96. Denies.

97. Admit Bookman was a member of V3's board of directors when the board approved the APA with Sphere. Denies Bookman became a Sphere employee. Admits Bookman knew the terms of the APA. The APA documents speak for themselves and are the best evidence of the facts alleged. To the extent the allegations are inconsistant with the terms of the documents, Defendant denies the same.

98. Denies.

99. Denies.

100. Bookman adopts by reference the answers to the allegations contained in paragraphs 1 through 99 herein.

101. The document speaks for itself and is the best evidence of the facts alleged. To the extent the allegations are inconsistent with the terms of the document, Defendant denies the same.

9

102. Denies.

103. Denies.

104. Denies.

105. Bookman adopts by reference the answers to the allegations contained in paragraphs 1 through 104 herein.

106. Denies.

107. Denies.

108. Denies.

109. Denis.

110. Denis.

111. Bookman adopts by reference the answers to the allegations contained in paragraphs 1 through 110 herein.

112. Denies.

113. Denies.

114. Denies.

115. Denies.

116. Bookman adopts by reference the answers to the allegations contained in paragraphs 1 through 115 herein.

117. Denies.

118. Denies.

119. Denies.

## SECOND DEFENSE

Plaintiff's Complaint fails to state claims against the Defendant upon which relief may be granted.

## THIRD DEFENSE

Numerous of Plaintiff's allegations and claims against the Defendant and others violate Fed. R. of Bankr. Proc. 9011, are without merit and/or are defamatory and are not asserted in good faith. Therefore the Defendant is entitled to his costs, expenses and attorneys' fees in defending those claims.

## FOURTH DEFENSE

Plaintiff's claims are barred due to Plaintiff's material breach of the referenced agreements.

## FIFTH DEFENSE

Plaintiff's fraud claims should be dismissed for failure to plead with particularity the circumstances constituting fraud and failure to plead a legally sufficient factual nexus supporting the claims.

## SIXTH DEFENSE

Plaintiff's claims are barred by the doctrines of accord and satisfaction, estoppel, laches, release, waiver and unclean hands.

Defendant reserves the right to amend his Answer and set forth such additional defenses and or allegations as may become apparent through discovery or during the process of this case.

WHEREFORE, Defendant prays that the Court dismiss Plaintiff's Complaint with prejudice that Plaintiff take nothing thereby and award Defendant this reasonable attorneys' fees and costs in defending this lawsuit.

DATED this 19th day of November, 2015.

**WOODBURY & KESLER, P.C.**

/s/ Russell S. Walker
Russell S. Walker
David R. Williams
Attorneys for Defendant

**CERTIFICATE OF SERVICE - BY NOTICE OF ELECTRONIC FILING (CM/ECF)**

I do hereby certify that on this 19th day of November, 2015, I electronically filed the foregoing DEFENDANT'S ANSWER TO COMPLAINT with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as indentified below, are registered CM/ECF users:

Peter W. Billings, pbillings@fabianvancott.com
Kevin N. Anderson kanderson@fabianvancott.com
Douglas J. Payne dpayne@fabianvancott.com

/s/ Carolee Kirk